IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

JOHN WOLFE                                                                                          PLAINTIFF

V.                                         4:12CV00314 JMM

THE ARKANSAS DEMOCRATIC PARTY                                          DEFENDANT

## ORDER

Pending is the Defendant's Motion to Dismiss and the Plaintiff's Motion to Strike the Motion to Dismiss.

Rule 12(f) states that a court may strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The Defendant's Motion to Dismiss does not fall into any category contemplated by Rule 12(f). Therefore, Plaintiff's Motion to Strike is DENIED.

Plaintiff's Motion to Strike does, however, include Plaintiff's arguments against dismissal of his Complaint. The Court deems the Motion to be a response to Defendant's Motion to Dismiss.

On March 1, 2012, Plaintiff attempted to qualify to appear on the ballot in the Arkansas Democratic Party ("ADP") Presidential primary. Plaintiff submitted forms and a check for $2,500.00 to ADP. Shortly after early primary voting began on May 7, 2012, the ADP informed Plaintiff and the media that Plaintiff would not be included on the ballot. The ADP cited two missed deadlines as reasons for Plaintiff's ineligibility for the primary. Plaintiff claims that the ADP has violated his First Amendment right to freedom of association by "disenfranchising 67,604 Wolfe voters" and delegates to the Democratic National Convention, the ADP violated his Fourteenth Amendment rights to procedural due process by publicly announcing that he

would not be placed on the primary ballot and that he would not receive delegates to the Convention, and the ADP violated his substantive due process rights to "run for office unimpeded by state actors mimicking neutrality, but intent upon using the resources of the party and state to enshrine the incumbent."  (ECF No. 1 at p.7).

The United States Supreme Court clarified the standard to be applied when deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  *See Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  *Id.* at 1964-65 (citing *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508, n. 1, 122 S.Ct. 992 (2002); *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827 (1989) ("Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations"); *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely")).  Although "[g]reat precision is not required of the pleadings," the complaint should state how, when, and where the cause of action occurred.  *Gregory v. Dillard's Inc.,* 494 F.3d 694, 710 (8th Cir. 2007).  "So, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Bell Atlantic*, 127 S.Ct. at 1966 (internal citations omitted).

The Defendant argues in the Motion to Dismiss that the procedure it followed in the May 2012 Presidential primary is mandated by the Democratic National Committee ("DNC").  The DNC promulgated the Delegate Selection Rules for the 2012 Democratic National Convention

which states the basic requirements for how state parties must conduct their presidential primaries. The Delegate Selection Rules are protected by the Constitution and the Court may not interfere with the Party's rules or the Defendant's implementation of the rules. *See Democratic Party of U.S. v. Wisconsin, ex. rel. LaFollette,* 450 U.S. 107 (1981). In response, Plaintiff argues that the Defendant failed to follow its own rules by publicly stating that Plaintiff did not qualify for the primary ballot, that the Delegate Selection Rules do not mandate forfeiture of Plaintiff's delegates, and that the Defendant has "no recent history of discriminating against minorities. . . ." (ECF No. 3 at p.5).

In *Democratic Party of U.S. v. Wisconsin, ex. rel. LaFollette*, the United States Supreme Court made clear that "a political party's choice among the various ways of determining the makeup of a State's delegation to the party's national convention is protected by the Constitution." *Id.* at 124. "The courts, generally and consistently, have been reluctant to interfere with the internal operations of a political party." *Irish v. Democratic-Farmer-Labor Party of Minnesota*, 399 F.2d 119, 120 (8th Cir. 1968), affirming 287 F.Supp. 794 (D.C.Minn.1968). "It has been understood since our national political parties first came into being as voluntary associations of individuals that the convention itself is the proper forum for determining intra-party disputes as to which delegates shall be seated." *O'Brien v. Brown*, 409 U.S. 1, 4 (1972).

Assuming the facts in Plaintiff's Complaint are true as required, Plaintiff has failed to state a claim for which relief can be granted by this Court. There is no action alleged by the Plaintiff which rises to constitutional proportions. Defendant's announcement that Plaintiff missed deadlines required to be placed on the Presidential primary ballot does not violate Plaintiff's constitutional rights. The Defendant's failure to designate Wolfe delegates to the

National Convention, without more, does not violate Plaintiff's constitutional rights.  *See Democratic Party of U.S. v. Wisconsin, ex. rel. LaFollette,* 450 U.S. 107 (1981); *Irish v. Democratic-Farmer-Labor Party of Minnesota*, 399 F.2d 119, 120 (8th Cir. 1968).

For these reasons, Defendant's Motion to Dismiss (ECF No. 2) is GRANTED.  The Clerk is directed to close the case

IT IS SO ORDERED this 30th day of August, 2012.

_____
James M. Moody
United States District Judge